# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GDCM TRUST, | Case No. 2:15-cv-02153-APG-PAL |
| Movant, | |
| v. | **ORDER OVERRULING IN PART AND SUSTAINING IN PART OBJECTIONS TO MAGISTRATE JUDGE'S ORDER** |
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | (ECF No. 12) |
| Respondent. | |

Movant GDCM Trust, through its trustee Joel Pecker, seeks to quash subpoenas sent to Bank of America, N.A. and Citibank, N.A. seeking information about GDCM Trust's accounts at those institutions. After reviewing the Commodity Futures Trading Commission's ("CFTC") *in camera* opposition and exhibits, Magistrate Judge Leen denied the motion to quash. GDCM Trust objects to her ruling.

I overrule GDCM Trust's objections with regard to the subpoena sent to Bank of America because the CFTC has demonstrated it is engaged in a legitimate law enforcement inquiry, that the records sought are relevant to that inquiry, and that it complied with the Right to Financial Privacy Act ("RFPA") with respect to that subpoena. However, I sustain the objections with regard to the subpoena sent to Citibank because the CFTC has not presented any evidence that it advised Joel Pecker that it sought to obtain his personal account information, as opposed to GDCM Trust's account information. The CFTC therefore has not shown that it complied with the RFPA with respect to account information in Joel Pecker's name at Citibank.

On October 28, 2015, CFTC sent administrative subpoenas to Bank of America and Citibank captioned "In re: Certain Persons Engaged in Fraud With Respect to Pooled Investments And/Or Managed Accounts." ECF No. 1 at 6-25. The subpoenas requested documents for "accounts titled in the name of or for the benefit of GDCM Trust." *Id.* at 13, 23. The cover letters advised Bank of America and Citibank that if "any account held by GDCM Trust is a jointly-held

account with an individual," to advise the CFTC so it could comply with the RFPA as to that individual account holder. *Id.* at 6-7, 16-17 (emphasis omitted). The CFTC mailed the required RFPA notice of these two subpoenas to GDCM Trust. ECF No. 14-1 at 2-3. That letter stated that the CFTC entered an order of investigation authorizing subpoenas to investigate possible violations of Section 4b of the Commodity Exchange Act, and it identified the statutory authority for the investigation, specifically Sections 6(c) and 8(a) of the Act. *Id.* GDCM Trust's attorney contacted the CFTC and was read the CFTC's order authorizing the issuance of the subpoenas; that order also referenced an investigation pursuant to Sections 6(c) and 8(a)(i) of the Commodity Exchange Act. *Id.* at 29.

GDCM Trust moved to quash the subpoenas. ECF No. 1. The CFTC responded with an *in camera* submission, with a redacted version filed on the court's public record. ECF No. 9. The publicly recorded version did not reveal that the CFTC had issued a second subpoena to Citibank seeking Joel Pecker's account information, as opposed to GDCM Trust's account information.[1] *Id.* Joel Pecker thus had no knowledge of, or reason to object to, this second subpoena before Magistrate Judge Leen.

After reviewing the CFTC's *in camera* submission, Magistrate Judge Leen denied the motion to quash. ECF No. 11. GDCM Trust objects to that ruling, arguing that the CFTC has not shown that it was engaged in a legitimate law enforcement inquiry, that the requested records are relevant to that inquiry, or that the CFTC complied with the RFPA's requirements.

In response to that objection, the CFTC publicly revealed that on November 9, 2015, the CFTC "issued a new subpoena to Citibank for Joel Pecker's bank account records, and sent notice of the subpoena to Joel Pecker." ECF No. 14 at 2. However, the CFTC has presented no evidence that it actually sent the November 9, 2015 subpoena with RFPA notice to Joel Pecker.

---

[1] It is unclear why the CFTC redacted that information if it is the CFTC's position that Joel Pecker was mailed a copy of the November 9, 2015 subpoena and RFPA notice.

In reply, Joel Pecker states that the CFTC's opposition was the first notice he had that CFTC had issued a subpoena for his personal records. ECF No. 15 at 2. His counsel inquired about the subpoena, but to date has received no response from the CFTC. *Id.* at 2, 8-10.

Under the RFPA, government agencies like the CFTC can administratively subpoena customer records from a financial institution if (1) there is reason to believe the records are relevant (2) to a legitimate law enforcement inquiry and (3) the CFTC complies with the statutory requirements which include serving or mailing a copy of the subpoena to the customer along with a notice that states "with reasonable specificity the nature of the law enforcement inquiry." 12 U.S.C. § 3405; *see also Chao v. Cmty. Trust Co.*, 474 F.3d 75, 79 (3d. Cir. 2007), *as amended* (March 7, 2007). A customer may move to quash a subpoena on the grounds that the "financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter." 12 U.S.C. § 3410(a). The CFTC can supplement its response to a customer's challenge to the subpoena with an *in camera* submission to the court. *Id.* § 3410(b).

Here, the notice sent to GDCM Trust identified the nature of the inquiry; the RFPA notice referenced the statutory sections for which possible violations were being investigated and the authority for that investigation; and the CFTC read to GDCM Trust's counsel the order which identified the relevant statutory sections authorizing the investigation. Additionally, considering the *in camera* submission, the CFTC has demonstrated it is engaged in a legitimate law enforcement inquiry and that the records sought are relevant to that inquiry. The only question is whether the CFTC complied with the statutory requirements.

The CFTC has done so with respect to the subpoena sent to Bank of America for GDCM Trust's account information. The CFTC presented evidence that it mailed a copy of the subpoena and the required RFPA notice to GDCM Trust. GDCM Trust undoubtedly received it because it attached the subpoena to its motion to quash. I therefore overrule GDCM Trust's objections and accept Magistrate Judge Leen's recommendation to deny the motion to quash with respect to the Bank of America subpoena.

However, the CFTC has not shown it complied with the statute with respect to the subpoena sent to Citibank. The CFTC contends that in response to its October 28, 2015 subpoena, Citibank requested additional information. CFTC's *In Camera* Submission at 5. The CFTC provided account information and Citibank responded that the account was not in GDCM Trust's name, it was in Joel Pecker's. *Id.* The CFTC contends that in response to this information, it told Citibank not to send any documents without further notice, and it then sent a second subpoena to Citibank on November 9, 2015 for accounts in Joel Pecker's name. *Id.* The CFTC asserts that it sent notice of this second subpoena to Joel Pecker. *Id.*

However, the CFTC has not provided any evidence that it served Joel Pecker with the subpoena and RFPA notice or that it mailed the documents to him at his last known address. It does not provide a copy of the subpoena and notice nor does it identify to what address the documents were sent. Joel Pecker contends the CFTC's opposition was the first notice he had of such a subpoena, and the CFTC has not presented any evidence to the contrary.[2]

I therefore modify in part Magistrate Judge Leen's ruling that denied the motion to quash the Citibank subpoena. Because the CFTC did not publicly reveal the information about the second subpoena until after Magistrate Judge Leen ruled, she did not have the benefit of Joel Pecker's response indicating he never received an RFPA notice in relation to the November 9, 2015 subpoena. By the CFTC's own submission, the account at Citibank is not in GDCM Trust's name so the October 28, 2015 subpoena seeking information on GDCM Trust's account does not satisfy the RFPA as to Joel Pecker's individual account information. Further, the CFTC has presented no evidence that it complied with the RFPA with respect to the November 9, 2015 subpoena for Joel Pecker's account information. Accordingly, both the October 28, 2015 and November 9, 2015 subpoenas to Citibank are quashed.

---

[2] Because I deny GDCM Trust's objections to the Bank of America subpoena, and because the CFTC's second Citibank subpoena seeks Joel Pecker's account information, I need not address the CFTC's argument that GDCM Trust lacks standing as a "customer" under the RFPA to object to the subpoenas.

IT IS THEREFORE ORDERED that GDCM Trust's objections **(ECF No. 12) are overruled in part and sustained in part**. Magistrate Judge Leen's ruling **(ECF No. 11) is accepted in part and modified in part**. GDCM Trust's motion to quash **(ECF No. 1)** is **DENIED** as to the October 28, 2015 subpoena to Bank of America, N.A. but the motion is **GRANTED** as to the October 28 and November 9, 2015 subpoenas to Citibank, N.A. The two Citibank subpoenas are **QUASHED**.

IT IS FURTHER ORDERED that the clerk of court shall close this case.

DATED this 19th day of May, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE